Case number 4, Appeal 22-1817, U.S.A. v. Ernest Russell Mr. Hillis Hi Mr. Hillis Hi Judge, how are you today? Yeah, here, it's Valentine's Day My favorite day of the year It's a sweet occasion to be up here Should I begin? Yeah, go ahead Great May it please the Court, Counsel, my name is Daniel Hillis I'm with the Federal Public Defender's Office and I represent Mr. Russell on this appeal Mr. Russell is here because he's not concerned about the amount of time he has to serve in prison He accepts that he committed a drug offense and has to serve time in prison as a result of that But as part of the District Court's determination for what the proper sentence would be It said that he should also have to endure a sex offender condition My client's not a sex offender He's never been convicted of any sex offense And so this additional aspect of the punishment is improper here The District Court should not have imposed the sex offender condition given the lack of evidence in this case I'll touch briefly on the standard of review Go ahead Judge Weren't the facts underlying that 2010 domestic battery conviction A sufficient basis for a court to require him to be assessed for sex offender treatment I agree 12 years has passed without any similar conduct as far as we know But does the passage of time alone preclude a requirement that the defendant be assessed Assessed to determine whether treatment is appropriate It is a highly salient fact And so we would look to the court's decision For instance, in the U.S. versus Monterreco-Johnson case that we cite And other cases have also talked about temporal proximity And as the passage of time increases The likelihood of the need for the condition dissipates Considerably in this case when Judge Rovner is We have here there's never a conviction for a sex offense And so there's a domestic conviction of course But there's nothing more than an allegation of a sex offense And this is a complete lack of proof The District Court has a PSR And the PSR just has a summary by a probation officer of a police report A police report is not valid proof of any fact in a case And especially so when it is disputed And so we know for all sorts of reasons in the course of advocacy A police officer might write up a report to submit in furtherance of a prosecution We don't assume that the information that's in the police report is correct And certainly when it's been disputed at sentencing as it is here We do not have enough facts The government would at that point if it wished to pursue the condition Bring in a witness in order to support it Otherwise what we have on the record at the time I see a finger in the house You're suggesting I take it that because Mr. Russell disputed the sexual nature of the 2010 offense The government was required to present additional evidence I am But Mr. Leinweber, his attorney, never made the objection below In other words, I'm not sure why Judge Chang would have been on notice That he needed to convene an evidentiary hearing Well, Judge, if the evidence was an equipoise because of the PSR and a lack of objection Then that may be one thing But my client is entitled to speak on his own behalf and advocate when necessary We do have instances and we've seen it before where it's been a matter of criminal history Where the points are stated to be such And then the defendant will stand up or inform the court that that number is incorrect Or I don't have three felonies I have one And so that is enough to put a judge on notice Because that is now triggering the judge Alerting the judge that there is a dispute And it's not coming just by the lawyer Incidentally, this is a person who's under oath and telling the judge something So this is testimony and it is something to give Judge Chang an opportunity Then hear additional evidence on it if the condition is deemed to be in play And in fact, there was an objection Leinweber did object He did He elected not to say anything further He said, I stand on my objection It was just that it was elaborated upon by the defendant Which I think is important here because the government's saying the lack of details Can be a problem that works against the defendants in these circumstances But here we have additional details, Judge So that is the point that I wish to make about that It may seem out of order, but I'll touch back on the standard of review This is a de novo review issue Because de novo review is appropriate when the district court is not adequately considered the 3553A factors Or when it has not sufficiently explained the basis for its sentence We have both problems here Because we've got the temporal proximity Which isn't really discussed by the judge in my memory The judge talks about what the allegations were But the focus in a lot of the cases that we cite in our brief Is about the amount of time The passage of time is critical here And so even if the PSR says it's 12 years The judge in his explanation of sentence And his determination about whether the condition is appropriate Should make that a prominent feature in the analysis And so Does it matter, Mr. Hillis, the standard of review, de novo, or abuse of discretion?  If we take your argument You win under abuse of discretion as well I would like to win under any standard Can you explain to us why you're cleaving to this de novo review? It's not the fight for today But it's also the ammunition for tomorrow And so we would like to have de novo review apply In circumstances where we come up Because it makes it a harder case When we have to prevail under plain air Or under any other standard of review De novo is our best standard It's what we'd like to be able to cling to in this case And it's the thing that we'd like to rely on again in a future case Okay So it's important But I agree I mean, look, an opinion can be written up And you folks know how to write opinions far better than I can write them or read them But we'd say we don't need to reach the standard of review And I think we've seen that in other cases I'm trying to recall if it was in Capas or Thompson Where the court said the standard of review isn't determinative here You win under whatever the standard of review is And I think it was plain air in those instances So we don't need to address it head on I'm just saying that it is an important consideration Because the government brought it up I'll at least take the opportunity to respond Lastly, another thing that we don't necessarily need to reach But it is in the brief and I'll touch upon it Is the improper delegation here When we allow Article III judges to exercise their authority We expect that only the Article III judge will impose the punishment And here is part of the sentence, which is part of the punishment There's the sex offender condition And in the judgment, it's under Special Condition 15 It lets the treatment provider determine if treatment is necessary So it's binary, it's a toggle, it's on or off If it is allowing somebody else to determine Whether the punishment is imposed or not imposed And that other entity isn't the district court Then we have a delegation problem And under Spendthrift Farms, Schroding, Supreme Court case And Seventh Circuit case respectively We have a problem here But the condition only gives the probation officer The authority to pick the provider who performs the assessment If treatment's recommended, then a court order is required Before Mr. Russell could be compelled to undergo treatment And I take it at that time, Mr. Russell would be free To raise whatever objection he wanted to such a proposal I'm not sure I understand how this condition Grants too much discretion to the probation officer It's the treatment provider that we're concerned about, Judge So if we're considering an administrative discretionary function The probation officer to select the program, that's one thing But the second sentence in the judgment, which is Document Entry 123, page 6 It says, if treatment is deemed necessary by the provider The government or the probation department may seek an order from the court For the defendant to comply with the recommended treatment So that language suggests to me that it is the treatment provider Who gets to deem whether treatment is necessary Well what else would the treatment provider do? Make a recommendation and then it's for the court to That's exactly what it says That's exactly what it says Because the court has to decide Recommendation, not deemed necessary It's a conclusion that it is necessary And therefore the court is allowing the probation officer Well if it's not necessary, what would he recommend to the court? It's not for the court to make the determination No, Mr. Hillis, if the treatment, if they did the evaluation Whoever was doing the analysis determined that treatment was not necessary There's no action for him or her to take That's the point It's only if they determine treatment is necessary Do they go to the court and seek an order So how is that delegation of anything? Well it's allowing the treatment provider Based on the language that's in the condition To make the first determination Whether or not it's a necessary thing By allowing the treatment provider to say that Treatment is necessary instead of the district court In my view, in my view Well the district court doesn't do the evaluation No, the district court needs to make the determination The treatment provider can make an assessment And submit its finding to the district court But it's for the district court to make the determination Whether the aspect of punishment should be imposed That's all we're saying on that We think that it is by far a secondary problem in this case The primary problem is about whether the condition Should have been imposed in the first place In our view, clearly it shouldn't It's not supported by the facts or the law With that I reserve the balance of my time Thank you very much Okay Mr. Kalluri Hello Good morning your honors May it please the court Prashant Kalluri on behalf of the United States The district court did not abuse its discretion In imposing a supervised condition That required the defendant to undergo A sex offender assessment At sentencing the court was confronted with Incredible information that the defendant Had had sexual contact with an 11-year-old victim His stepdaughter In determining an appropriate sentence Aimed at rehabilitating the defendant And protecting the public upon defendant's release The court imposed a fairly modest condition Of a sex offender assessment Which was a step back from what the probation department Had recommended which was an assessment and treatment And so ruling the court had found That the information in the PSR About the defendant's conviction For domestic battery of the 11-year-old Was reliable and it was based on The detailed facts reported about the incident The contemporaneous phone call That the victim made to her mother Mr. Kalluri I'm sure you're aware Our case law says that police reports Are not categorically presumed to be reliable Without more information or corroborating information So was there any additional information That the district court relied upon or considered Other than the report of this police report In the PSR that we are not aware of Your honor no the district court Focused on the information in the police report And made a determination based on the facts Wait let me help you there Don't you think that the district court Considered what the defendant told the district court At sentencing It did your honor so it was two things It was what was in the police report And then it was the defendant's own statements During his elocution some of which corroborated That a sexual contact happened When the defendant said that the incident Caused a rift in the marriage And that the victim moved out of the home After the incident And in addition to those other statements The defendant made a number of other statements About the incidents that Amounted to nothing more than bare denials Mr. Hillis claims that there was a dispute here There was no dispute The defendant's statements were That the incident was a misdemeanor And not a felony That it was some he said she said stuff But he never went into what the he said portion of it was That he pled guilty to get out of jail And that he was not a sex offender Which rejects the label But doesn't reject the underlying conduct So there was no dispute here So we have what was in the police report And the district court's finding That it was sufficiently detailed And then given the age of the victim And that the conviction was for domestic battery And the court noted that Given the young age of the victim An 11 year old girl That those cases often are pled down And so we have a conviction here And do you have any idea Because I don't reading the transcript Where that comes from What's the basis of the district court's knowledge On about that particular fact It would My understanding would be it was The district court's probably That judge's experience With these types of cases There was nothing more than it was You know kind of assumed That it was in his experience These types of cases are pled down Given the young age of the victims And then there was In other words they don't want to force The victim to testify That's correct your honor And then the other thing to note That the PSR does show Is that the defendant pled guilty 15 days after the incident And you know And there's a domestic battery here So there's this The dispute on whether this was a sex offense We're not saying that domestic battery Is a sex offense But he pled guilty to a domestic battery We know who he battered within his home And we know what the battery was Based on what's in the police report Which was unrebutted At sentencing How is the condition reasonably related To Mr. Russell's offense It's not related to his drug offense Which was the instant offense of conviction But we have an instance here Where we have a sexual contact Or domestic battery with an 11 year old And there was no record in the PSR That the defendant had ever Undergone any assessment Or sex offender treatment So I think you put those two things together And we have a reasonable basis The district court had a reasonable basis To impose the sex offender assessment Now one thing I'm still not clear of After your brief Is how you distinguish this case From a case like Johnson Johnson is a treatment case Your honor And so this court has held And other circuits have held as well That there can't be That there can't be a lot of remoteness If a district court Between a sex offense Or sex offense conviction And the imposition of A supervised release condition That requires treatment But in Johnson We talked about things other than treatment For example we talked about The lack of a temporal connection And the fact that the government Didn't explain Why sex offender treatment Was necessary at that point To rehabilitate Johnson Or protect the public That's a quote from Johnson We also noted there was no suggestion That Johnson had engaged In any sexual misconduct Since the 1997 misdemeanor So those are just but two examples The discussion in Johnson Is a little bit broader Than just the question of Treatment versus assessment Your honor I think it And I also think it's A combination of two things It's the time that has elapsed Since the sex offense Or sex offense type conduct And what's in the record As to what treatment Or assessment The defendant has had And in this instance You have a period of 12 years Which is a decent amount of time But there was also No evidence in the PSR That the defendant Had ever had an assessment Or a treatment And again when Going back on the context of The information about the sex offense Was unrebutted It was again a fairly modest Imposition to have Mr. Russell Undergo a sex offender assessment Particularly given the young age Of the victim Am I right in thinking That by the time Mr. Russell is assessed In the future It's going to be nearly 20 years after The 2010 domestic battery incident That's correct your honor Probably about 18 to 20 years Assuming there are No other incidents Of sexual misconduct That come to light Between now and then Would a court be justified In requiring Sex offender treatment At that time I believe so your honor And I think the district court Recognized that In that one incident Should be enough Particularly when left unaddressed Courts do that all the time right Because often sex offenders Get extraordinarily lengthy sentences And then upon release They need to be assessed Or treated Do we run We don't just say Because of someone Who's engaging in Child pornography offenses Is sentenced to 40 years Sex offender assessment Is unnecessary Right That's correct your honor It's just a standard condition Correct But I wonder Do we run into a problem When we treat A sexual assault allegation In a police report The same as a sex Sex offense Conviction Well the Ross case Is instructive there In the sense that in Ross there It was a sex offender Assessment case But there was no Underlying sex Conviction It was a conviction For making false statements To the FBI But the defendant In that instance Made statements To the FBI As well that He was involved In a child sex ring And I think They were all statements That deemed Were deemed false But there was Enough concern there That the court Held that those Types of statements Warranted a sex Offender assessment So you're Analogizing the Statements In Ross To whatever Facts we have Here in Russell Well I actually Think your honor That what we have Here is stronger Given that we have A conviction for Domestic battery As well as Victim statements About what happened That were again Detailed and followed By a contemporaneous Phone call to the Mother And then Defendant statements At his sentencing Would seem to Indicate that There was a Sexual assault Based on the Aftermath of what Happened If we ignore Police reports And we require Instances like this We say we're not Going to consider Domestic battery As a history And characteristic Or the nature And circumstance Of the offense As detailed In the police report We're going to Force 11 year old Victims to get on The witness stand And testify In order that There be a Sex offense conviction So that In the event In the future The defendant may be Subject to Sex offense Treatment or Assessment But it's A scary world I agree Your honor And I think that The district court Was faced with This dilemma It had three options Based on the Information before it It either Followed probation's Recommendation of An assessment And treatment It order An assessment Or a do nothing In this instance Of a defendant Who was reported To have Attacked an 11 year old girl And so it Chose a compromise And I think Very reasonable Position of Let's get him Assessed Because he's Never been Assessed before The do nothing Could also Have contemplated Rely on the State court To have Resolved this In the way That it Saw fit At the time Of the State case It could Have And I think Your honor And that's why The district court Made its Finding that You know These cases Are often Pled down Because of the Impact that They have on The victim To get a Victim up on The stand And to have Her testify About what Her stepfather Just did And so if We have You know Again in the District court  A case That's Not based On experience That's what Happens It's unfortunate But it's what Happens Well it's not Even unfortunate And they deal With what How many Tens of thousands Of cases Every year That's correct I see my Time is up Unless Your honors Have any Additional questions We would ask That the Sentence be Give Mr. Hillis the Time that he Requested Thank you Judge I Appreciate that It's a Scary world When we Allow allegations Instead of Proof to Form the Basis for Punishment When we Have an Evidentiary Based system So I'll Begin with That We Shouldn't Also Allow District Courts To Speculate About what Happens In a Case To Then Justify The Imposition Of Punishment We Don't Allow Speculation We've Said This In Too Many Cases That I Could Even Count And I Don't Know If There's Anything In The Record That Shows That This Was Speculating Here I Thought It Was Just Said That The Charge Would Have Been Speculation Of This Type How Is That Speculation If The Judge Is Relying On His Experience It Is Less Than Common Sense So Ten Year Olds Do Not Have To Get On The Stand And Repeat The Sexual Assault That Was Performed Against Them Everybody Knows That I Don't Think That There Was Any Proof Of Sexual Assault Here Is The Problem Judge There Is Nothing To Say That That Occurred Such That There Was Ever Charged In That Fashion I Don't Want To Miss The Opportunity To Get On The Stand And Repeat The Stand And Repeat The Sexual Assault That Was Performed Against Them Everybody Knows That There Was Nothing To Say That There Is Nothing To Say That There Was Nothing To Say That There Was Nothing To Say That There Is Nothing To Say To Him With No Reason for Nothing To Say That There  Nothing To Say That The re Was Nothing To Say That There Is Nothing To Say That Not Does It Sounds Very Appreciated And The Case Will Be Taken Under Advisement